THE STATE EX REL. LEVEE DISTRICT v. L. D. THOMPSON, STATE AUDITOR.

Court en Banc, June 23, 1926.

**1. LEVEE DISTRICT: Inclusion of Other Lands: Regularity Attacked by State Auditor: Collateral Attack.** Whether bonds, regularly authorized by a levee district which has been duly and regularly incorporated, should be held invalid because some lands are improperly included in the district and some persons may have a right to resist a tax assessed to pay the bonds, and whether the State Auditor can object to the bonds when persons interested have not seen fit to test their validity in a direct proceeding, are questions that naturally arise in a mandamus proceeding brought by the district to compel the State Auditor to register the bonds; but those questions are not here decided, but the decision is directed to the settlement of questions, raised by the demurrer, which may hereafter arise.

**2. ——: Validity of Organization: Regularity of Proceedings: Admitted by Demurrer.** An allegation in the petition in mandamus to compel the State Auditor to register bonds issued by a levee district, that the district was regularly organized, is admitted by a general demurrer charging that the petition does not state facts sufficient to constitute a cause of action; and such a demurrer likewise admits the regularity of the proceedings by which bonds of the district were authorized and issued, where the petition sets up facts showing that the proceedings strictly complied with the statute.

**3. ——: Extension to Include Other Lands: Due Process.** Notice of a proceeding to extend the boundary lines of a legally organized levee district to include other lands, given in the manner prescribed by statute to all owners of lands which are to be included or affected by the extension, and a finding, after a hearing, that all the lands incorporated in the district by

the order of the county court are subject to overflow and cannot be adequately protected unless included in the district, is due process of law.

4. ————: ————: **Notice: Length of Time.** The statute (Sec. 4699, R. S. 1919) under which the boundary lines of a levee district may be extended to include other lands provides for service on non-residents alone, and by its omission of a requirement for personal service shows a legislative intention that the general law (Sec. 1216, R. S. 1919) should apply. The notice required property owners to appear on April 6th. Section 4699 provides for notice to non-residents to be given by publication in a newspaper, by three insertions, the last to be not more than one week before the hearing, and Section 1216 provides that unless a different time is prescribed by law notice shall be given at least five days before the appointed time for hearing to persons residing within fifty miles of the place of hearing and one additional day for every additional twenty-five miles. The notice was served by the sheriff on different parties on various days between March 9th and March 17th, and a few were served on March 23rd; and the notice to non-residents was published in a newspaper on March 12th, 19th and 26th. **Held,** that Section 4699 applies only to non-residents, and as to other parties Section 1216 applies, and the notice was given to all parties for a sufficient length of time.

5. ————: ————: **Notice: In Name of State.** The statutes relating to the extension of the boundary lines of a legally organized levee district to include other land does not require the notice to landowners to be affected by the proceeding, to run in the name of the State. Besides, Section 28 of Article VI of the Constitution, requiring process to run in the name of the State, is directory, and not mandatory.

6. ————: ————: **Appearance: Collateral Attack.** Where not one of the parties served with notice failed to appear, so far as the record shows, and none of them who protested against the inclusion of their lands in the levee district objected that the notice did not run in the name of the State, they are in no position, in a collateral attack upon the order extending the boundaries, even if the notice were irregular and insufficient, to take advantage of the irregularity.

7. ————: ————: **Notice; Description of Lands.** A notice in a proceeding to incorporate other lands in a levee district, which gives the outward boundary by which the lands are included, and describes the boundary by natural and artificial lines and monuments, sufficiently describes the lands to be annexed.

8. ————: ————: **Regular Term of County Court: Held in April.** Before respondent, in a mandamus suit, can attack the order of the county court extending the lines of a levee district to include other lands on the ground that the order was not made at a regular term, it must affirmatively appear that the time at which the order was made was not the time of holding the regular term of the court. Where the statute (Sec. 2579, R. S. 1919) said that "county courts may alter the times of holding their stated terms," and the record of the court shows that an order was made at a regular term in 1917 declaring that "on account of the increase in the volume of business, it is ordered that the county court convene on the first Monday in each month," and the notice to owners in a proceeding to extend the boundaries of a levee district to include their lands required them to appear "on Monday the sixth day of April, 1925, it being the first day of the next regular term of said court," **Held,** in the absence of a showing to the contrary, that the order made at such term in April was made at a regular term of the county court, as required by the statute (Sec. 4699, R. S. 1919). The county court may have made many orders regarding the terms of court after the order of 1917 was made, but in the absence of a showing to the contrary it will be presumed that the court acted regularly and in accordance with

law, and that the order made in 1917 was still in force when the order was made in 1925.

9. ———: ———: ———: **Allegation.** An allegation in the petition that the county court convened in regular session on the first Monday in each month, in so far as it states that the court met on the first Monday in each month is a statement of fact, but in so far as it states that such meeting was a "regular" session it states a conclusion of the pleader, and such conclusion may, by the record and statutes, be shown to be incorrect.

10. ———: ———: **Unconstitutional Statute: Hearing.** The court will not consider the constitutionality of a section of the statute which does not apply to the proceeding. Where the proceeding in the county court to extend the boundary lines of a levee district to include other lands was initiated by the directors of the district under Section 4699, which provides for a notice and a hearing, the court will not consider the validity of Section 4697, which provides that the proceeding may be initiated by the petition of five landowners of the district and provides for no hearing on the part of those whose lands are sought to be included in the district.

Corpus Juris-Cyc. References: Constitutional Law, 12 C. J., Section 212, p. 780, n. 98; p. 782, n. 8. Courts, 15 C. J., Section 227, p. 880, n. 14. Evidence, 22 C. J., Section 68, p. 128, n. 83. Levees and Flood Control, 36 C. J., Section 38, p. 1011, n. 94. Mandamus, 38 C. J., Section 633, p. 902, n. 34 New; p. 903, n. 36, 38. Process, 32 Cyc., p. 429, n. 66.

Mandamus.

PEREMPTORY WRIT AWARDED.

*P. B. Hood* and *Chas. A. Killian* for relator.

(1) It is not necessary that the notices shall run in the name of the State of Missouri. Sec. 38, Art. VI, of the Constitution is directory and not mandatory. Creason v. Yardley, 198 S. W. 830, 272 Mo. 279. (2) The levee district No. 2 is a public corporation. Morrison v. Morey, 146 Mo. 543; State ex rel. Caldwell v. Little River Drain. Dist., 291 Mo. 72; State ex rel. Haugsen v. Allen, 298 Mo. 448; Mound City Land & Stock Co. v. Miller, 170 Mo. 240; Drain. Dist. v. Turney, 235 Mo. 80; Browning v. Hooper, 46 Sup. Ct. Rep. 141; Beach on Public Corporations (1 Ed.) pars. 262, 263, 739. (3) No notice is necessary to anybody in the incorporation or the extension of a public corporation. Egyptian Levee Co. v. Hardin, 27 Mo. 495; Browning v. Hooper, Sup. Ct. Rep. 141; R. S. 1919, sec. 8541; State ex rel. v. Weatherby, 45 Mo. 17; Kaiser v. Trustees, 16 Mo. 88; State ex rel. v. Lichte, 226 Mo. 273; R. S. 1919, sec. 7615; Hislop v. Joplin, 250 Mo. 595; State ex rel. v. Birch, 186 Mo. 205. The Legislature is not bound to consider the wishes of the corporators even as to municipal corporations. Beach on Public Corporations (1 Ed.) par. 51. Such districts can be formed and the tax for benefits spread by the Legislature. Egyptian Levee Co. v. Hardin, 27 Mo. 495; Browning v. Hooper, 46 Sup. Ct. Rep. 141; Act Incorporating Egyptian Levee Co., Laws 1855, p. 74.

(4) The landowner has his day in court in this proceeding in all instances where the rights of property is involved. R. S. 1919, secs. 4697, 4671. (5) Sec. 2579, R. S. 1919, authorizes the county court to increase the number of its regular terms, but not to decrease them. Overton v. Johnson, 17 Mo. 442; Mo. Constitution, art. 6, sec. 22; Mo. Constitution, art. 2, sec. 10. The act is remedial in its nature and should be liberally construed. Black on Interpretation of Laws, p. 310. (6) The order of the county court is sufficient to create the first Monday of each month a regular term. "A regular term of court is one held at a time and place fixed once for all." 15 C. J., p. 870. (7) The time of notice was sufficient. R. S. 1919, sec. 1790.

*North T. Gentry*, Attorney-General, for respondent.

WHITE, J.—This is a proceeding to compel by mandamus the respondent, State Auditor, to register bonds issued by the relator. The relator filed an amended petition in this court June 14, 1926, to which the respondent on the same day, waiving the issuance of an alternative writ, filed his demurrer as and for the alternative writ.

The petition alleges that Levee District No. 2 of Perry County, by judgment of the County Court of Perry County, was incorporated May 6, 1912, with the usual powers of a corporation for public purposes. It sets out the proceedings by which the county court of said county, at the regular term of that court, beginning April 6, 1925, included other lands in the levee district.

The petition then recites the proceedings whereby the said county court and the board of directors of Levee District No. 2, in August of that year, proceeded to authorize the issuance of the bonds under consideration here; the levy of the tax to pay the bonds, the presentation of the bonds to the State Auditor, and his refusal to register them, and prays for an alternative writ commanding the respondent to register the bonds or show cause why a peremptory writ should not issue. The demurrer contains the following:

1. That the petition does not state facts sufficient to constitute a cause of action.

2. That the notice issued under Section 4699, Revised Statutes 1919, for the inclusion of other lands in the levee district, was not sufficient in that it did not give the owners of the land a proper time before they were required to appear.

3. That such notice did not run in the name of the State.

4. That said notice did not describe the land sought to be annexed to the district.

5. That the judgment of the county court extending the lines of

the district was not made at the regular term of the county court as the statute requires.

6.   That Section 4697, Revised Statutes 1919, is in contravention of Section 30, Article II, of the Constitution of Missouri, and Section 1 of the Fourteenth Amendment to the Constitution of the United States, because owners of the land sought to be annexed to the district were deprived of their day in court, and therefore the property was taken without due process of law.

It will be noticed that this demurrer does not attack the regularity of the organization of the district and its proper and legal existence as a corporation.   Neither does it attack the regularity of the proceeding in the district by which the bonds were authorized and the improvement for which they were issued regularly voted, unless the general challenge in the first point made in the demurrer may be said to attack such regularity.   It only goes to the proceeding whereby additional lands were incorporated in the district.

It may be noted here that the State Auditor has neglected the consideration of some questions which naturally arise.   For instance, why should the bonds, regularly authorized by a district which has been duly and regularly incorporated, be held invalid because some lands are improperly included in the district, and some persons may have a right to resist a tax assessed for the payment of the bonds?

Why, in this collateral proceeding, should the Auditor object to the bonds when those interested have not seen fit in a direct proceeding to test their rights in the premises?

As a matter is presented we will not consider those questions, but limit our consideration to the points advanced by the demurrer, and we may thus settle questions which may hereafter arise.

I.   The general challenge to the petition in the demurrer cannot go to the validity of the organization in the district because according to the allegations of the petition it was regularly incorporated in 1912.   It cannot be sustained on account of any irregularity in the proceeding by which the bonds were authorized and issued, because the petition sets up facts showing that the statute **Due Process.** was strictly complied with in that respect.   Mention is made of the ruling of the Federal Supreme Court in the case of Browning v. Hooper, 46 U. S. Sup. Ct. Rep. 141, which we have fully considered in the case of State ex rel. Little Prairie Road District v. Thompson, *ante,* page 56.   It turns upon the organization of a district without according to those affected by its organization an opportunity to be heard.   In this case we are not concerned with the organization, but only with the extension, of the district under the provisions of Section 4699, Revised Statutes 1919.   That section provides for notice to be given the land-owners when it is desired

to include other lands in a district already established, and a hearing before the county court to determine whether or not their land shall be benefited by its inclusion.  The statute was strictly complied with.  The directors of the district filed their petition with the clerk of the county court, and that court thereupon made an order requiring notice to be served; both the order and the notice included the names of landowners affected.  Twenty-six of such landowners were personally served with notice by the sheriff.  Five alleged to be non-residents were served by publication.  Five persons whose names were not included in the petition, voluntarily entered their appearance, claiming their lands were included in the proposed extension, and filed their protest against the proceeding.  There is no complaint that any person whose land was in the district was not served with process or did not appear.  A hearing was duly had and the county court made a finding that all lands sought to be incorporated in said district were subject to overflow and could not adequately be protected without such inclusion. Therefore the extensions were ordered.

The proceeding was entirely regular in form and no objection is made to it except technical points, to be noticed.

II.   The second point made by the demurrer is that the notice was not sufficient because it required the owners of all land proposed to be taken into the district to appear, and did not give them sufficient time after service.   The notice required those property owners to appear the first day of the regular term of the court beginning April 6, 1925.   The notice, as shown by the sheriff's return, was served on different parties in Perry County at various dates extending from March 9th to March 17th.  A few of the parties were served March 23rd. The statute, Section 1216, Revised Statutes 1919, applies to this case.   It provides that unless a different time is prescribed by law or the practise of the court, notices shall be given at least five days before the time appointed for the hearing of the motion, pleading or other proceeding, to persons residing within fifty miles of the place where the hearing is to be had, and one additional day for every additional twenty-five miles.   Section 4699, under which the proceeding was had, provides a time of service for non-residents by three insertions in a newspaper, the last insertion to be not more than one week before the hearing. In this instance the publication was made March 12th, 19th and 26th. The fixing of the time for publication for non-residents and the omission of any time for personal service, shows an intention by the Legislature to have the general laws, Section 1216, Revised Statutes 1919, apply.   No other statute is pointed out by respondents as applicable.

315 Mo.—7.

III.   The notice is challenged because it did not run in the name of the State.  Such a notice is not required so to run.  Besides, the parties who protested against the inclusion of their lands in the district made no such objection.  This proceeding is strictly

**Notice: In Name of State.** a collateral attack upon that judgment of the county court.  Further, Section 38, Article VI, of the Constitution, requiring process to run in the name of the State, has been held by this court to be directory and not mandatory. [Sligo Furnace Co. v. Laidley, 286 Mo. 1. c. 437; Creason v. Yardley, 272 Mo. 1. c. 285; Doan v. Boley, 38 Mo. 1. c. 449.]  So far as the record shows, not one of those served with the notice failed to appear before the court at the hearing, and, even if the notice was irregular and insufficient, nobody is in position to take advantage of it.  The persons who complained before the county court did not choose to appeal, or otherwise directly to attack the regularity of the judgment, but left the matter to the State Auditor to question it in this collateral proceeding.

IV.   The next point is that the notices served upon the persons affected did not describe the land which it was proposed to annex to

**Description of Lands.** the district.  The description which appears in the petition of the directors, the order of the county court, and in the notices, is as follows:

"All those lands lying between the southwest line of the present district and a line beginning near Menfro where the public road to Jones Island crosses the district line, thence south along said road across the county bridge at Menfro to a point fifty feet north of the center line of the St. Louis and San Francisco Railway, thence in a northwestwardly direction along a line meandering with the center line of said railway and fifty feet therefrom to a point where the said line will intersect with the New Cut Allen's Landing road, thence in a direct line so as to intersect the present line of said district at a point about 3,000 feet above said public road."

This description mentions natural and artificial lines and monuments.  We may presume that such lines and points were sufficiently marked and well known that they could be easily ascertained by the surveyor, or by any one who desired to trace out the lines.  The description of the land was sufficiently definite.

V.   Finally, it is claimed that the hearing at which the county court ordered an extension of the lines was not at a regular term of the county court as required by Section 4699, Revised Statutes 1919. Section 2579, Revised Statutes 1919, regarding  the terms of the county courts, is as follows:

"Section 2579. Four terms of the county court shall be held in each county annually, at the place of holding courts therein, commencing on the first Mondays in February, May, August and November. *The county courts may alter the times of holding their stated terms,* giving notice thereof in such manner as to them shall seem expedient: Provided, that in counties now containing or that may hereafter contain seventy-five thousand or more inhabitants, and where county courts are now or may hereafter be held at more places than one and at other places than the county seat, the terms of said court shall be held monthly and alternately at the county seat and such other places as may be provided for holding of such court, and each .monthly term shall commence on the first Monday of each month."

Section 2581 provides for special terms and Section 2583 provides for adjourned terms. The notice which the court ordered served on the property owners affected required them to appear, "at the court house in the city of Perryville, Missouri, *on Monday the sixth day of April,* 1925, *it being the first day of the next regular term of said court,* and show cause why their lands should not be incorporated into said levee district."

The record of the county court copied in relator's petition shows that the county court of that county at the May term, 1917, made and entered an order finding, "that on account of the increase of the volume of business to be transacted by the county court there is not sufficient time to transact all of said business at the regular terms thereof . . . . it is therefore ordered by the court that the county court convene on the first Monday in each month to transact such business as may properly come before it."

The petition filed here also states that after making that order the county court "has been convening in regular session" on the first Monday in each month.

Respondent argues that this shows an attempt to establish twelve terms a year, and since Perry County contains fewer than 75,000 inhabitants this could not be done under Section 2579. Therefore, there was no regular April term, and the order of extension under Section 4699 was a nullity.

Before respondent is in position to attack the order and notice on that ground, it must affirmatively appear that such was not the time of holding the regular term of the county court in that county. The presumption of regularity and legality in the proceedings of that court obtains. [Overton v. Johnson, 17 Mo. 442; State ex rel. v. Ellison, 285 Mo. l. c. 312.]

In the first place, the order on its face does not attempt to create twelve terms a year. It recites that on account of the volume of business there is not sufficient time to transact it all "at the regular terms" of the court, and therefore it is ordered that they ".convene

on the first Monday of each month" to transact such business as may properly come before it. There is nothing to show that those conventions on the first Monday of each month were other than special terms, held after due notice required by Section 2582, Revised Statutes 1919.

The statement in the petition that the court convened in "regular" session on the first Mondays in each month, so far as it states a fact, shows that the court did convene on the first Monday of each month, but that such convention was at "regular" session is a mere conclusion of the pleader. According to the theory of respondent those meetings could not have been "regular" sessions, and the conclusion of the pleader is incorrect.

Under Section 2579 the court could alter the times for holding its regular terms. There is nothing in the record to show that it did not change its regular terms from the time provided by statute so that the first Monday in April was the beginning of one of those terms.

The county court may have made many orders regarding the terms of court after the order of 1917 and before 1925. In the absence of a showing to the contrary we may presume that the court acted regularly and in accordance with the law.

The recital in the order to appear, and the official notice mentioned above, that April sixth was the first day of the next regular term of court is presumably a statement of the truth, nothing to the contrary appearing.

VI. Finally it is said that Section 4697, Revised Statutes 1919, is unconstitutional, in contravention of due-process provisions of the Federal and State constitutions.

We are called upon to consider whether Section 4697 is constitutional. It appeared for the first time in the revision of the statutes of 1899. Section 4699 was enacted at the session of the Legislature for 1903. The difference between the two sections is that a proceeding to extend the limits is initiated under the former section by a petition of five landowners of the district, and it provides for no hearing on the part of those whose land is sought to be included in the district. The proceeding under Section 4699 is initiated by the directors of the levee district and provides for notice and a hearing. We have fully considered it above.

The peremptory writ is ordered. All concur.